PEOPLE v JONES

Docket No. 307184. Submitted January 10, 2013, at Detroit. Decided
January 24, 2013, at 9:00 a.m. Leave to appeal denied, 494 Mich
___.

Byron Deandre Jones was convicted by a jury in the Wayne Circuit
Court of three counts of assault with intent to do great bodily
harm less than murder and one count each of carrying a concealed
weapon (CCW) and felony-firearm. The court, Vonda R. Evans, J.,
sentenced defendant to 4 to 10 years in prison for each of the
assault convictions, 1 to 5 years in prison for the CCW conviction,
and 2 years in prison for the felony-firearm conviction. Defendant
and at least one other friend, identified at trial as "Taiwan,"
targeted another group of young men at the Eastland Mall.
Defendant and Taiwan were both armed and drew their guns
during the confrontation. Defendant was the only person who fired
a gun and was the only person charged with an offense from this
incident. Defendant appealed.

The Court of Appeals *held*:

Offense variable (OV) 14, MCL 777.44, considers the offender's
role in the entire criminal transaction. A trial court should assess
10 points for OV 14 when the offender was a leader in a multiple-
offender situation. A multiple-offender situation is one consisting
of more than one person violating the law while part of a group. In
this case, the trial court did not clearly err by assessing 10 points
for OV 14. While no other person involved in the original confron-
tation was charged with an offense, evidence was presented that at
least one other person, Taiwan, accompanied defendant into the
mall to confront the other group of men and that the two groups
had a bad history. Defendant and Taiwan escalated the confronta-
tion by drawing guns, but only defendant fired his gun. A multiple-
offender situation was established when both defendant and
Taiwan violated the law while part of a group.

Affirmed.

SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLE 14 — OFFENDER'S
ROLE — MULTIPLE-OFFENDER SITUATION.

Under offense variable 14, which considers the offender's role in the
entire criminal transaction, a trial court should assess 10 points

when the offender was a leader in a multiple-offender situation; a multiple-offender situation is one consisting of more than one person violating the law while part of a group (MCL 777.44).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, and *Valerie M. Steer*, Assistant Prosecuting Attorney, for the people.

*Gerald Ferry* for defendant.

Before: HOEKSTRA, P.J., and K. F. KELLY and BECKERING, JJ.

PER CURIAM. A jury convicted defendant, Byron Deandre Jones, of three counts of assault with intent to do great bodily harm less than murder, MCL 750.84, and one count each of carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to 4 to 10 years' imprisonment for each of the assault convictions, 1 to 5 years for the CCW conviction, and 2 years for the felony-firearm conviction. Defendant appeals as of right. We affirm.

This case stems from a shooting in the Eastland Mall in Harper Woods, Michigan. Defendant and at least one other friend, identified at trial as "Taiwan," targeted another group of young men at the mall. Both defendant and Taiwan were armed and drew guns during the confrontation with the other group. However, defendant was the only person who fired his gun.

Defendant's only claim on appeal is that the trial court erred by assessing 10 points for offense variable (OV) 14 (offender's role), MCL 777.44, on the basis of its conclusion that defendant was a leader in a "multiple

offender situation." Defendant argues that the criminal transaction in this case was not a multiple-offender situation. Defendant insists that "there must be more than one person actively participating in the charged offense(s)" for there to be a multiple-offender situation under OV 14 and that he was the only person who committed the assaults and the only person charged with the underlying offenses. We reject this argument.

We review de novo "[t]he interpretation and application of the legislative sentencing guidelines." *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009). "We review the trial court's scoring of a sentencing guidelines variable for clear error." *People v Hicks*, 259 Mich App 518, 522; 675 NW2d 599 (2003). "A scoring decision is not clearly erroneous if the record contains *any* evidence in support of the decision." *Id.* (quotation marks and citation omitted). "A sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score." *People v Hornsby*, 251 Mich App 462, 468; 650 NW2d 700 (2002). "Scoring decisions for which there is any evidence in support will be upheld." *Id.* (quotation marks and citation omitted).

OV 14 addresses "the offender's role" in a criminal transaction, and 10 points should be assessed when "[t]he offender was a leader in a multiple offender situation." MCL 777.44(1)(a). When scoring OV 14, the entire criminal transaction should be considered. MCL 777.44(2)(a); see also *McGraw*, 484 Mich at 125. Our task in interpreting the language of a statute is to determine and give effect to the Legislature's intent. *People v Lowe*, 484 Mich 718, 721; 773 NW2d 1 (2009). "The statute's words are the most reliable indicator of the Legislature's intent and should be interpreted based on their ordinary meaning and the context within

which they are used in the statute." *Id.* at 721-722. MCL 777.44 does not define "multiple offender situation." Thus, we may consult dictionary definitions to ascertain its plain meaning. *People v Stone*, 463 Mich 558, 563; 621 NW2d 702 (2001). The word "multiple" is defined as "consisting of more than one." *New Illustrated Webster's Dictionary of the English Language* (1992); see also *Random House Webster's College Dictionary* (2001) (defining "multiple" as "consisting of, having, or involving several or many individuals, parts, elements, relations, etc."). An "offense" is defined as a "transgression of the law," and an "offender" indicates a person who violated the law. See *Random House Webster's College Dictionary* (1997). Moreover, the statute's use of the word "leader" is significant when considering the context of the statute's use of the phrase "multiple offender situation." The word "leader" is not defined in the statute; however, the dictionary defines a "leader" as one who is a "guiding or directing head" of a group. *Id.* Therefore, the plain meaning of "multiple offender situation" as used in OV 14 is a situation consisting of more than one person violating the law while part of a group.

In this case, no other defendants were placed on trial for the shooting at the mall; defendant was the only person charged in connection with the shooting. However, the trial court did hear testimony that at least one other man, identified at trial as "Taiwan," accompanied defendant in the mall to confront the other group of young men. Moreover, trial testimony illustrated that the groups had a bad history with one another. The testimony further illustrated that the confrontation between the groups initially started out as "trash-talk" and that the group opposing defendant and Taiwan believed that there would be a fistfight; however, defendant and Taiwan escalated the confrontation from

trash-talk when they both drew guns and defendant started firing. Several witnesses testified that they heard a loud disturbance, looked to see what was happening, and saw people panicking. Because there was evidence in this case of a multiple-offender situation, i.e., a situation consisting of both defendant and Taiwan violating the law while part of a group, we conclude that the trial court did not err by assessing 10 points for OV 14.[1] See *Hornsby*, 251 Mich App at 468; MCL 750.170 (prohibiting a disturbance of the peace in a store or business place); MCL 750.234e (prohibiting the brandishing of a firearm in public); MCL 767.39 (providing that a person who aids or abets in the commission of an offense may be tried, convicted, and punished as if he or she had directly committed that offense).

Affirmed.

HOEKSTRA, P.J., and K. F. KELLY and BECKERING, JJ., concurred.

---

[1] We do not address whether defendant was a "leader" under OV 14 because defendant does not challenge this aspect on appeal.