# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TOD KEVIN HOUTHOOFD,

        Defendant-Appellant.

UNPUBLISHED
March 15, 2018

No. 332323
Saginaw Circuit Court
LC No. 05-025865-FH

AFTER REMAND

Before: HOEKSTRA, P.J., and METER and K. F. KELLY, JJ.

PER CURIAM.

In 2006, defendant was convicted of solicitation to commit murder, MCL 750.157b, witness intimidation, MCL 750.122, and obtaining property valued over $100 by false pretenses, MCL 750.218. This case has been before us on several previous occasions.[1] Most recently, we vacated defendant's sentence for solicitation to commit murder and remanded for resentencing because, when resentencing defendant in March 2016, the trial court failed to score any of the offense variables (OVs) due to the mistaken belief that *Lockridge*[2] precluded judicial fact-finding in connection with the scoring of OVs. See *Houthoofd V*, unpub op at 6-7. On remand, in December 2017, the trial court scored the OVs and departed upward from the advisory guideline range to sentence defendant to 360 to 600 months' imprisonment for his solicitation to commit

---

[1] *People v Houthoofd*, unpublished opinion per curiam of the Court of Appeals, issued February 3, 2009 (Docket No. 269505) (*Houthoofd I*), rev'd in part and remanded 487 Mich 568 (2010); *People v Houthoofd (On Remand)*, unpublished opinion per curiam of the Court of Appeals, issued December 2, 2010 (Docket No. 269505) (*Houthoofd II*); *People v Houthoofd*, unpublished opinion per curiam of the Court of Appeals, issued February 18, 2014 (Docket No. 312977) (*Houthoofd III*); *People v Houthoofd*, unpublished opinion per curiam of the Court of Appeals, issued May 14, 2015 (Docket No. 322592) (*Houthoofd IV*); *People v Houthoofd*, unpublished opinion per curiam of the Court of Appeals, issued September 14, 2017 (Docket No. 332323) (*Houthoofd V*).

[2] *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

-1-

murder conviction. We retained jurisdiction, and the case now returns to us following resentencing. Because the trial court clearly erred by scoring OV 14, we again vacate defendant's sentence and remand for resentencing.

On appeal, among other arguments,[3] defendant asserts that the trial court clearly erred by scoring OV 14 at 10 points and OV 19 at 10 points. With regard to OV 14, defendant maintains that solicitation is essentially a one-man crime that is complete when the offer is made, regardless of whether the person solicited agrees to commit murder or has any intention of engaging in criminal activity. Defendant argues that, in this case, the individual solicited—Michael Dotson—was not a participant in a criminal offense because Dotson's testimony makes clear that he never had any intention of committing an illegal act. In these circumstances, defendant asserts that OV 14 cannot be scored at 10 points based on defendant's solicitation of Dotson.[4] With regard to OV 19, defendant contends that his actions in soliciting Dotson to commit murder may not be scored under OV 19 because OV 19 is offense specific and his actions did not interfere with his prosecution for solicitation; rather, his actions were intended to prevent his prosecution for obtaining property by false pretenses.

"Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

OV 14 addresses the "offender's role," MCL 777.44(1), and it is properly scored at 10 points when "[t]he offender was a leader in a multiple offender situation," MCL 777.44(1)(a).

---

[3] Defendant raises several arguments on appeal. The majority of these arguments relate to issues that we decided in *Houthoofd V*, including issues relating to the applicable burden of proof at sentencing, the trial court's consideration of information in the Presentence Investigation Report (PSIR) and the necessity of an evidentiary hearing, as well as the applicability of *Lockridge* and whether substantial and compelling reasons were required for a departure sentence. Following remand, the material facts relating to these issues remain the same, and thus the law of the case doctrine precludes a different ruling on these legal issues. *People v Fisher*, 449 Mich 441, 444; 537 NW2d 577 (1995). Indeed, defendant acknowledges in his appellate brief that he raises these issues simply to preserve his claims of error for appeal to a higher court. Consequently, we will not address these arguments.

[4] Relating to OV 14, defendant also asserts the trial court could not score OV 14 on remand in December 2017 because, unlike other OVs, OV 14 was not scored in connection with defendant's original sentencing in 2006. However, in *Houthoofd V*, we vacated defendant's sentence and remanded for resentencing with specific instructions that the trial court should score the OVs. On remand, the case was in a presentencing posture, *People v Rosenberg*, 477 Mich 1076; 729 NW2d 222 (2007); and the trial court was not precluded from scoring OV 14 simply because it had not been previously scored.

When scoring of OV 14, "[t]he entire criminal transaction should be considered," MCL 777.44(2)(a), and "[i]f 3 or more offenders were involved, more than 1 offender may be determined to have been a leader," MCL 777.44(2)(b). Notably, to be scored as a "leader," the defendant must be a "leader *in a multiple offender situation.*" MCL 777.44(1)(a) (emphasis added). As this Court has previously recognized, " 'the plain meaning of 'multiple offender situation' as used in OV 14 is a situation consisting of more than one person violating the law while part of a group.' " *People v Dickinson*, 321 Mich App 1, 22; __ NW2d __ (2017), quoting *People v Jones*, 299 Mich App 284, 287; 829 NW2d 350 (2013), vacated in part on other grounds 494 Mich 880 (2013). See also *People v Ackah-Essien*, 311 Mich App 13, 38; 874 NW2d 172 (2015). More fully, this Court has explained:

> The word "multiple" is defined as "consisting of more than one." *New Illustrated Webster's Dictionary of the English Language* (1992); see also *Random House Webster's College Dictionary* (2001) (defining "multiple" as "consisting of, having, or involving several or many individuals, parts, elements, relations, etc."). An "offense" is defined as a "transgression of the law," and an "offender" indicates a person who violated the law. See *Random House Webster's College Dictionary* (1997). Moreover, the statute's use of the word "leader" is significant when considering the context of the statute's use of the phrase "multiple offender situation." The word "leader" is not defined in the statute; however, the dictionary defines a "leader" as one who is a "guiding or directing head" of a group. *Id.* Therefore, the plain meaning of "multiple offender situation" as used in OV 14 is a situation consisting of more than one person violating the law while part of a group. [*Jones*, 299 Mich App at 287.]

To merit a score under OV 14, another individual need not necessarily be charged in connection with the crime; but, there must be more than one offender for there to be "a multiple offender situation" within the meaning of MCL 777.44(1)(a). See *Dickinson*, 321 Mich App 22; *Jones*, 299 Mich App at 287.

> In this case, in scoring OV 14 at 10 points, the trial court made the following findings:

> [T]his is really clear to me that he is definitely the leader in this situation. We can argue semantics about it being a one-person crime once he solicits, but - - but for the solicitation, there would be no crime committed at all. And Mr. Dotson had nothing to do with the initial solicitation. So it's quite clear to me he's the leader in this situation . . . .

Considering the trial court's factual findings, we do not see a basis for scoring OV 14 at 10 points. Quite simply, the trial court failed to make findings supporting a determination that this case involved a multiple offender situation. It is clear that defendant solicited Dotson and thus it is clear that defendant is an offender. But, the trial court made no finding that Dotson—or anyone else acting with defendant—also violated the law as required to be considered an "offender." See *Jones*, 299 Mich App at 287. Absent a determination that there was another

"offender" in addition to defendant, there is no basis for concluding that this is a "multiple offender situation" and there is no basis for determining that defendant is a leader in a multiple offender situation.[5] Consequently, the trial court erred by scoring OV 14 at 10 points.

When OV 14 is scored at zero points instead of 10 points, defendant's total OV score drops from 20 to 10 points, reducing his recommended sentencing range under the advisory guidelines from 81-135 months to 51-85 months. See MCL 777.16h; MCL 777.62. Because this error in the scoring of OV 14 alters defendant's minimum sentencing range under the advisory sentencing guidelines, and there is no indication that the trial court would have imposed the same departure sentence absent this error, we find it necessary to again vacate defendant's sentence and remand for resentencing.[6] See *People v Lathrop*, 480 Mich 1036; 743 NW2d 565 (2008).

Defendant also challenges the trial court's scoring of OV 19, which relates to a "threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. The trial court scored defendant at 10 points, which is appropriate when "[t]he offender otherwise interfered with or attempted to interfere

---

[5] In contrast to this conclusion, the prosecutor asserts on appeal that defendant was properly scored 10 points under OV 14 because "the nature of solicitation itself" involves directing another to commit a criminal offense and "by directing another to commit a criminal offense defendant-appellant was a leader in a multiple-offender situation." We find the prosecutor's argument unpersuasive. "Solicitation is complete when the solicitation is made," and "[a]ctual incitement is not necessary for conviction." *People v Crawford*, 232 Mich App 608, 616; 591 NW2d 669 (1998). Indeed, a conviction for solicitation may be maintained, for example, even when the individual solicited is an undercover police officer who could not actually be induced to commit a crime. See, e.g., *People v Salazar*, 140 Mich App 137, 143; 362 NW2d 913 (1985). In other words, while it is true that the solicitation involves a defendant soliciting someone to commit a crime, the fact remains that the individual solicited may be entirely innocent of any criminal wrongdoing. And, an individual who has not broken the law is not an "offender" within the meaning of MCL 777.44. See *Jones*, 299 Mich App at 287. To be clear, we do not mean to suggest that solicitation is inherently a one-man crime that can never involve a "multiple offender situation" under OV 14. Obviously, more than one person could be involved with soliciting a crime and, depending on the facts, it could also be concluded that the person solicited is not an innocent individual but an "offender." But, contrary to the prosecutor's argument, it cannot be assumed, simply because a defendant has solicited someone to commit a crime, that he is a leader in a multiple offender situation. Rather, as with any offense, to score a defendant as a leader in a multiple offender situation under OV 14, there must be a finding, based on consideration of the entire criminal transaction, that there is more than one "offender." Thus, if the crime is solicitation and the record does not show at least one "offender" in addition to the defendant, OV 14 may not be scored based on a defendant's unilateral act of solicitation.

[6] Because we find it necessary to remand for resentencing, we do not address defendant's arguments that the sentence imposed was unreasonable or disproportionate. We offer no opinion on the reasonableness of defendant's sentence.

with the administration of justice." MCL 777.49(c). "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *People v Sours*, 315 Mich App 346, 349; 890 NW2d 401 (2016). However, "OV 19 may also be properly scored when the sentencing offense itself necessarily involves interfering with the administration of justice." *Id.* at 349 n 1.

In this case, the trial court scored OV 19 at 10 points because defendant solicited the murder of a witness to prevent his prosecution for obtaining property under false pretenses. On appeal, defendant asserts that this was improper because the sentencing offense is solicitation and defendant did not interfere with the administration of justice with regard to proceedings relating to his solicitation charge. This argument lacks merit because, as noted, the scoring of OV 19 is not limited to instances in which a defendant attempts to avoid being held accountable for the sentencing offense; rather, OV 19 may "be properly scored when the sentencing offense itself necessarily involves interfering with the administration of justice." *Sours*, 315 Mich App 349 n 1. Because the conduct making up the sentencing offense, i.e., the solicitation of a witness's murder, involved an attempt to interfere with the administration of justice, the trial court properly considered this conduct under OV 19. *Id.* And, given defendant's conduct, the trial court did not err by scoring OV 19 at 10 points.

Finally, we note that defendant again requests remand to a different judge. We have repeatedly denied this request, see, e.g., *Houthoofd V* and *Houthoofd IV*, and nothing which occurred during the most recent remand leads us to believe that Judge Darnell Jackson should be disqualified under the court rules, MCR 2.003(C), or the due process concerns set forth in *Caperton v AT Massey Coal Co, Inc*, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009). Accordingly, defendant's request for remand to a different judge is again denied.

Defendant's sentence is vacated and the case is remanded for resentencing. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Kirsten Frank Kelly