# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTOINE RAYNEZ WILLIAMS,

Defendant-Appellant.

UNPUBLISHED
January 3, 2019

No. 339770
Jackson Circuit Court
LC No. 16-005490-FC

Before: SWARTZLE, P.J., and SAWYER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by right his sentence after conviction of armed robbery, MCL 750.529; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant challenges the trial court's assessment of points to Offense Variable (OV) 14. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 25 to 40 years' imprisonment for the armed robbery conviction and to a consecutive sentence of 2 years' imprisonment for the felony-firearm conviction. We affirm.

This case originated from an attempted drug deal. A group of four men, including defendant, and one woman were at the woman's home. The woman asked the victim to come over and sell her cocaine. When the victim arrived, the owner of the house let the victim in through a back door. She then disappeared and four men, three of them masked, surrounded the victim. Defendant laid in wait behind the door and, based on testimony, pointed a modified .22 rifle at the victim and told him to empty his pockets. Defendant then used the sawed off butt of the rifle to strike the victim in the head 3 times, causing the victim to fall to the floor. Defendant and his co-conspirators then forced the victim to strip naked. They allowed the victim to leave after having stripped him. Based on testimony defendant was the member of the group who took the victim's property, including a phone, smart watch, and several hundred dollars in cash.

Defendant challenges the legality of his sentence. Defendant asserts that the trial court erroneously assessed 10 points for OV 14. We disagree.

For preserved sentencing errors, "the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *Id.* (quotation marks and citation omitted). Preponderance of the evidence means that the evidence "when weighed with that

-1-

opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008). However, "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).[1]

The scoring of OV 14 considers "the offender's role" in a criminal transaction, and 10 points should be assessed when "[t]he offender was a leader in a multiple offender situation." MCL 777.44(1)(a). "[T]he plain meaning of 'multiple offender situation' as used in OV 14 is a situation consisting of more than one person violating the law while part of a group." *People v Jones*, 299 Mich App 284, 286; 829 NW2d 350 (2013), vacated on other grounds 494 Mich 880 (293).

When three or more offenders are involved in a crime, more than one offender "may be determined to have been a leader." MCL 777.44(2)(b). The trial court considered this stating, "I understand that more than one person can be a leader in this situation and that [the female participant] did testify that the idea was sort of hatched in that situation. I don't think he was the only leader but I think that he was a leader."

OV 14 does not define what constitutes a leader, but for purposes of OV 14, this Court has stated that "a 'leader' is defined in relevant part as 'a person or thing that leads' or 'a guiding or directing head, as of an army or political group.' To 'lead' is defined in relevant part as, in general, guiding, preceding, showing the way, directing, or conducting." *People v Rhodes*, 305 Mich App 85, 90; 849 NW2d 417 (2014) (citation omitted). Notably, when scoring OV 14, "[t]he entire criminal transaction should be considered . . . " MCL 777.44(2)(a). Therefore, while generally offense variables are "offense specific," OV 14 is scored differently and "[p]oints must be assessed for conduct extending beyond the sentencing offense." *People v McGraw*, 484 Mich 120, 126-127; 771 NW2d 655 (2009).

In this case, the event at issue undoubtedly amounted to a multiple-offender situation. Testimony indicated that multiple people were involved in the crime, including defendant, along with four codefendants. The trial court assessed 10 points to OV 14, finding by a preponderance of the evidence that defendant was a leader in the armed robbery. We agree.

Defendant argues that the trial court simply defaulted to his leadership based on a codefendant's testimony that he hit the victim with the butt of his gun. First, the trial court made clear that it did not automatically credit the codefendant's testimony. It referenced its hesitation with the codefendant's credibility and the need to weigh all of the evidence when it said, "I did go back and forth with this one when I was reviewing it last night because I know [the codefendant] testified to who was there and I know she testified that the defendant here today was the one who actually physically assaulted, initially, [the victim]." Because the trial court has

---

[1] These standards of review remain viable after *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017).

a superior position to assess witness credibility, we cannot substitute our assessment of credibility with that of the trial court. See MCR 2.613(C).

Mere evidence that the defendant had a firearm, while his codefendant did not, is insufficient to demonstrate leadership. See *Rhodes*, 305 Mich App at 90. However, evidence that the defendant issued orders to a codefendant or displayed any greater amount of initiative in assaulting the victim beyond employment of greater instrumentality of harm than the codefendant can be demonstrative of leadership. See *id*.

In this case, defendant told a codefendant to "go along with it. I'll hook you up." He was giving her a direction, "go along with it," on what she was expected to do when the victim arrived. There was also testimony that defendant was the one who hit the victim with the butt of his gun. Defendant was also the one who told the victim to empty his pockets, and he was the one who picked up all of the items that the victim took out. Defendant's actions displayed a greater amount of initiative in robbing the victim than that of his codefendants.

Given the testimony regarding defendant's role in the robbery, the trial court was within its discretion to find defendant to be a leader of the conspiracy. As it appears that the trial court weighed the available testimony, made a credibility determination, and applied the appropriate guidelines regarding OV 14 properly, we cannot hold that the evidence considered by the trial court could not support the burden of preponderance. Therefore, we find that the trial court properly scored OV 14.

Affirmed.

/s/ Brock A. Swartzle
/s/ David H. Sawyer
/s/ Amy Ronayne Krause