*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DARREN MICHAEL HAYES,

        Defendant-Appellant.

UNPUBLISHED
May 11, 2023

No. 359543
Ionia Circuit Court
LC No. 2019-017906-FH

Before: MARKEY, P.J., and MURRAY and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for (1) delivery and manufacturing of narcotics (heroin) less than 50 grams, MCL 333.7401(2)(a)(*iv*); and (2) delivery and manufacturing of methamphetamine, MCL 333.7401(2)(b)(*i*). Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to concurrent sentences of 8 to 30 years in prison. We affirm defendant's convictions but vacate his sentence and remand for resentencing.

Defendant first argues, and the prosecution agrees, that the trial court erred by assigning 10 points for offense variable (OV) 14, indicating that defendant was a leader in a multiple-offender situation.

A party cannot challenge the scoring of the sentencing guidelines or the accuracy of information relied upon in determining a sentence unless that party raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed with this Court. *People v Hershey*, 303 Mich App 330, 346-347; 844 NW2d 127 (2013), citing MCL 769.34(10). Defendant objected to the assignment of 10 points for OV 14 at sentencing, and the trial court heard and decided the objection. Defendant preserved this issue for appellate review.

OV 14 refers to a defendant's role in the charged offense in a multiple-offender situation. MCL 777.44(1). OV 14 is assigned 10 points when a defendant is a leader, and it is assigned zero points when a defendant is not a leader. MCL 777.44(1)(a) and (b). "The entire criminal transaction should be considered when scoring this variable." MCL 777.44(2)(a). However, only the conduct during the criminal transaction should be considered, not defendant's entire criminal history. See *People v McGraw*, 484 Mich 120, 127-128; 771 NW2d 655 (2009) and *People v Rhodes*, 305 Mich App 85, 90; 849 NW2d 417 (2014) (concluding that OV 14 could not be scored

-1-

absent evidence that the individual "played some role in guiding or initiating *the transaction itself*") (emphasis added).

A "multiple offender situation" regarding OV 14 refers to a situation in which more than one person violated the law while part of a group. *People v Jones*, 299 Mich App 284, 287; 829 NW2d 350 (2013), vacated in part on other grounds 494 Mich 880 (2013). If the group consisted of only two offenders, only one of the offenders may be considered the leader. *People v Baskerville*, 333 Mich App 276, 300; 963 NW2d 620 (2020). When determining whether defendant was a leader under OV 14, a trial court should consider whether defendant acted first, gave directions, or was "otherwise a primary causal or coordinating agent." *People v Dickinson*, 321 Mich App 1, 22; 909 NW2d 24 (2017) (quotation marks and citation omitted). Although the term "leader" is not defined by statute, it is commonly understood to mean "one who is a 'guiding or directing head' of a group." *Jones*, 299 Mich App at 287, quoting *Random House Webster's College Dictionary* (1997).

As the parties seem to agree, the evidence shows defendant merely played an equal or lesser role than his codefendant, Leontae Craig. The initial contact to purchase controlled substances was made by the confidential informant, James Woods, to Craig, not defendant. At the controlled purchase, only Craig entered Woods's car and completed the sale. Defendant did not drive to or from the sale, have any ownership interest in the Ford Fusion, or have the buy money in his possession at the traffic stop. Although two phone calls were made from defendant's phone to Woods's phone immediately preceding the sale, Woods testified that the voice on the other end of the phone call was Craig, not defendant. Taken together, these actions do not show, by a preponderance of the evidence, that defendant guided, directed, or was otherwise a primary causal or coordinating agent in the criminal transaction involving Craig. See *Rhodes*, 305 Mich App at 90.[1]

This error warrants resentencing. Defendant's sentencing offense was delivery or manufacturing of methamphetamine, a Class B felony. See MCL 777.13m. With a total OV score of 15 points, as a second-offense habitual offender, defendant's recommended minimum sentence range was 72 to 150 months. See MCL 777.21(3)(a); MCL 777.63. But if the 10 points for OV 14 are deducted, the range would be reduced to 51 to 106 months. See MCL 777.21(3)(a); MCL 777.63. Because this correction results in a change to the recommended minimum sentence range, defendant is entitled to resentencing. See *People v Francisco*, 474 Mich 82, 91-92; 711 NW2d 44 (2006).

Defendant's final argument is that the prosecution did not present sufficient evidence to prove beyond a reasonable doubt that defendant acted as a principal, or an aider and abettor, in the delivery and manufacturing of heroin and methamphetamine.

---

[1] The trial court also noted it was aware that defendant had a pending delivery or manufacture charge, a pending possession charge, and was shot while on bond for these proceedings. However, this additional information is not relevant to assessing points for OV 14 because, as previously stated, only the conduct comprising the criminal transaction should be considered. See *McGraw*, 484 Mich at 127-128.

This Court reviews de novo a sufficiency-of-the-evidence argument. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016). This Court examines the evidence in the light most favorable to the prosecutor to determine whether the prosecutor presented sufficient evidence that could allow a rational trier of fact to find defendant guilty beyond a reasonable doubt. *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013). "A prosecutor need not present direct evidence of a defendant's guilt. Rather, '[c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime.' " *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011) (alteration in original), quoting *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). "The credibility of witnesses and the weight accorded to evidence are questions for the jury, and any conflict in the evidence must be resolved in the prosecutor's favor." *People v Harrison*, 283 Mich App 374, 378; 768 NW2d 98 (2009). This Court "will not resolve credibility issues anew on appeal." *People v Milstead*, 250 Mich App 391, 404; 648 NW2d 648 (2002).

The elements of delivery of less than 50 grams of heroin (MCL 333.7401(2)(a)(*iv*)) are (1) a defendant's delivery (2) of less than 50 grams (3) of heroin or a mixture containing heroin (4) with a defendant's knowledge that they were delivering heroin; a defendant does not need to know the amount of heroin being delivered. *People v Mass*, 464 Mich 615, 626-627; 628 NW2d 540 (2001); *People v Collins*, 298 Mich App 458, 462-463; 828 NW2d 392 (2012). The elements of delivering methamphetamine (MCL 333.7401(2)(b)(*i*)) are (1) a defendant's delivery of a controlled substance, (2) that was methamphetamine, (3) with a defendant's knowledge that they were delivering methamphetamine. Accord *People v Meshell*, 265 Mich App 616, 619; 696 NW2d 754 (2005) (stating the elements of manufacturing methamphetamine).

Michigan's aiding-and-abetting statute, MCL 767.39, states:

> Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense.

In *People v Moore*, 470 Mich 56, 67-68; 679 NW2d 41 (2004), the Court established three elements for determining whether someone is considered an aider or abettor:

> (1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement. [*Id.* (alteration in original; quotation marks and citation omitted).]

"Aiding and abetting describes all forms of assistance rendered to the perpetrator, including any words or deeds that may support, encourage, or incite the commission of a crime." *People v Jackson*, 292 Mich App 583, 589; 808 NW2d 541 (2011).

The prosecution presented sufficient evidence to satisfy the first part of the aiding-and-abetting test—the crimes charged were committed by Craig. Craig knowingly delivered heroin and methamphetamine, and laboratory testing confirmed the weight and identity of the substance.

The prosecution also presented sufficient evidence to satisfy the second part of the aiding-and-abetting test—defendant performed acts or gave encouragement that assisted the commission of the crime. At 4:11 p.m. on the day of the controlled purchase, a text message from one of defendant's phones was sent to the contact "Queen Bee" that said: "Bae, just get ready. I'm 'bout to go to this play in Belding, and Brian got a room there too." A little while later, at 4:36 p.m., another text message was sent from defendant's phone that said: "Okay. I'mma call you soons. I come back from Beldin." At 4:37 p.m., the number responded, "Y you up there?" And finally, at 4:40 p.m., defendant responded to Queen Bee and sent an identical, separate message to Craig stating, "I gotta play." Craig testified that defendant was asleep during this time and that he used defendant's phone once the battery on his phone died. However, the jury was free to disbelieve Craig's testimony. See *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012). Viewing the evidence in a light most favorable to the prosecutor, a reasonable trier of fact could infer that defendant, not Craig, sent these messages, as the messages were all written in the first person, and one message was even sent to Craig's phone. These text messages indicate that defendant had knowledge of the drug purchase and planned to play an active role in it.

Additionally, a reasonable trier of fact could infer that defendant made the Apple Maps search to Burger King while Craig was driving on the highway. This directional search was an act of assistance from defendant to Craig to further the commission of the crimes.

There were also outgoing calls from defendant's phone to Woods's phone, and between 4:02 p.m. and 5:57 p.m., defendant's phone logged 12 to 13 phone calls to various numbers. Given the volume of additional calls, a reasonable trier of fact could conclude that defendant was awake during the time of 12 to 13 phone calls being made from his phone and that defendant willingly and consciously let Craig use his phone in an act of assistance. Lastly, the text messages from defendant's phone that indicated involvement in a drug deal two weeks before the May 14 exchange, combined with the large sum of money on defendant's person at the traffic stop, could lead a reasonable trier of fact to infer that defendant assisted with the drug deal on the incident date.

Likewise, the prosecution presented sufficient evidence to satisfy the third part of the aiding-and-abetting test—defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that defendant gave aid and encouragement. "An actor's intent may be inferred from all the facts and circumstances, and because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *Id.* (quotation marks and citation omitted). The text messages, phone calls, and directional search from defendant's phone records could lead a reasonable trier of fact to determine that defendant intended to assist in the drug deal, or at least knew that Craig was going to carry out a drug deal, when defendant provided assistance to him.

Defendant's convictions are affirmed, but defendant's sentence is vacated and the matter is remanded for resentencing. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Christopher M. Murray
/s/ Kathleen A. Feeney